LEHAN, Judge.
In this dissolution of marriage action an ex-wife appeals from the trial court’s determination that she is responsible to her ex-husband for repayment of a loan of stock made by the husband to the wife during the marriage. The stock was to provide financing for the wife’s incorporated food catering business. The husband had pledged the stock as collateral for two bank loans which were made to the wife and that business. The wife contends that the trial court erred in (1) characterizing the transaction as a loan of the stock to the wife, (2) in determining that the amount to be repaid was $251,480, and (3) in balancing out certain other sums claimed by each to be owed by the other.
The husband and wife, who were aged 66 and 56, respectively, at the time of trial, had been married in 1977. It was the second marriage of each. There were no children of this marriage. Prior to and during the marriage and before his retirement the husband was employed by a bank holding company. Prior to and during the marriage the wife ran the food catering business. She was its sole stockholder. She also received income from trusts established by her parents.
During the marriage the husband and wife each deposited his or her income in a separate account over which he or she *976 maintained sole control. The husband gave the wife $9,600 per year to assist with household expenses. Though the husband held the title of treasurer of the wife’s corporate business and gave her advice from time to time, he was not involved in its day to day management. Thus, the record supports the conclusion that each kept his or her business and financial affairs separate from those of the other with the sole exception of the apparent sharing of household expenses.
On two occasions before the marriage the husband received options to purchase stock in the bank holding company which employed him. One option was exercised by him before the marriage for the purchase of 1,000 shares. The second option was exercised by him after the marriage for the purchase of 1,450 shares. (As a result of subsequent stock splits, those 2,450 shares became 9,800 shares as of the time of trial.) There is no dispute that the 1,000 shares were purchased by him with his own separate funds. The 1,450 shares were purchased by him with the funds from a loan he obtained from another bank which he repaid from his salary. Title to all 2,450 shares was in the husband’s name alone.
. During the marriage the wife obtained two bank loans to finance the operation and expansion of her business. She and her corporation were the debtors on those loans. Her first loan was secured in part by the husband’s pledge of his 1,000 shares of stock in the bank holding company. Her second loan was secured in part by his pledge of his remaining 1,450 shares. While the pledged stock was held by the banks which made the loans to the wife and the wife’s business, the husband continued to receive dividends from that stock.
Both of the loans to the wife and her corporation went into default, and the 2,450 shares of stock pledged by the husband were sold by the banks which held them. The proceeds of those stock sales, which totaled $87,600, were applied to the indebtedness of the wife and her corporation. Thereafter the wife began making payments to the husband. There were five such payments totaling $38,500. On the wife’s checks and on her summary of the checks the payments were called repayments of stock loans.
We do not agree with the wife’s contention that there was reversible error in finding that the husband’s pledges of the stock constituted loans of the stock to her and that there was reversible error in the failure to find that the 1,450 shares were marital property and thus not proper subjects of such a loan. There is sufficient competent evidence in the record to support the finding that such a loan was made. There is sufficient competent evidence in the record to support the implicit factual determination that the 1,450 shares were not marital property. See Macaluso v. Ma-caluso, 523 So.2d 615, 617 (Fla. 2d DCA 1988).
But we agree with the wife’s contention that there was error in the determination of the amount to be repaid by her. As we have said, the pledged stock was sold in 1982 for $87,600. There appears to be no indication that that sum did not represent the fair market value of the stock. The $251,480 fixed by the August 11, 1987, final judgment as the amount to be repaid by the wife was apparently based upon calculations of a witness who was an expert in investment analysis. The calculations indicated that if the $87,600 (rounded off to $90,000) had been invested in 1982 in a portfolio of fixed income securities, the. investment would have been valued as of the end of 1986 at approximately $245,000. (Perhaps the difference between $251,480 and $245,000 was attributable to appreciation in 1987.) However, we do not conclude that those calculations provided a proper basis for fixing the amount to be repaid. That the husband would have so reinvested the $87,600 in 1982 is no more than speculation.
Under the circumstances of this case we conclude that the amount, to be repaid should have equaled the loss suffered by the husband from the failure to return to him the loaned stock upon the wife’s default on that loan. That loss should be measured by the value of the stock at that *977 time, less credits for amounts paid, plus interest at the legal rate on the unpaid balance remaining from time to time unpaid. See 8 Am.Jur.2d Bailments § 348 (1980); 5 Fla.Jur.2d Bailments § 19 (1978). Cf Foley v. Dick, 436 So.2d 139, 141 (Fla. 2d DCA 1983). The time of that default appears to have been the time the banks sold the husband’s stock and applied the proceeds against the wife’s indebtedness. At that time the wife defaulted on her obligation to return the stock because she then lost the ability to do so.
As to the wife’s third contention, we do not conclude that there was reversible error.
Reversed and remanded for proceedings consistent herewith.
RYDER, A.C.J., and FRANK, J., concur.